Filed 7/29/16  P. v. Voightman CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALLEN VOIGHTMAN,<br><br>    Defendant and Appellant. | B269100<br><br>(Los Angeles County<br>Super. Ct. No. NA086230) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard R. Romero, Judge.  Affirmed

Allen Voightman, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On July 8, 2010, Allen Voightman broke into and was rummaging through a detached garage when the owner confronted him, demanded that he leave, then chased and physically detained him for police. Voightman was charged with first degree burglary of an inhabited dwelling, which was alleged to constitute a violent felony because a person other than an accomplice was present. (Pen. Code, §§ 459, 460, subd. (a), 667.5, subd. (c)(21).)[1] The information alleged Voightman had suffered six prior convictions beginning in 1983, three of them for serious or violent felonies within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12); had served several prison terms and had not remained free of custody for a period of five years after his last incarceration (§ 667.5, subd. (b)). Voightman pleaded not guilty.

On November 4, 2010, a jury convicted Voightman of first degree burglary and the court found allegations of five prior convictions, three of them strikes, were true. He was sentenced to prison for 39 years to life. (§§ 667, 1170.12.) In 2011, we affirmed the conviction. (*People v. Voightman* (Sept. 26, 2011, B228832 [nonpub. opn.]).)

In November 2012, the electorate passed Proposition 36, which allows a person convicted of a nonserious, nonviolent felony to petition for recall of a third strike sentence and request resentencing as a second strike offender. (§ 1170.126, subd. (b).) Voightman thereafter filed such a petition and requested resentencing. The trial court denied the petition on the ground that Voightman's current conviction was for a violent felony, which disqualified him from resentencing. (§ 1170.126, subd. (b) [excluding anyone convicted of a violent felony from eligibility for resentencing]; see § 667.5, subd. (c)(21) [defining as a violent felony any first degree burglary committed when the burgled residence was inhabited].) He timely appealed.

We appointed counsel to represent Voightman on appeal and, after examination of the record, appointed counsel filed an opening brief raising no issues and asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436, 441-442.) On March 28, 2016, we sent letters to Voightman and appointed counsel, directing

_____

[1] All statutory references will be to the Penal Code.

counsel to forward the appellate record to Voightman and advising Voightman that within 30 days he could personally submit any contentions or issues that he wished us to consider.

Voightman responded with a letter brief in which he argues his 1983 and 1990 convictions, for robbery and receiving stolen property, respectively, should not have been considered strikes when he was sentenced for the 2010 burglary because the offenses were nonserious and predated the Three Strikes law. These points are irrelevant to Voightman's petition because he was convicted most recently of first degree burglary of an inhabited residence while another person was present, a violent felony (§ 667.5, subd. (c)(21)), which renders him ineligible for resentencing (§ 1170.126, subd. (b)). In any event, Voightman's contentions are untimely, as they should have been raised at his sentencing for the 2010 crime, and meritless, as a conviction predating the Three Strikes law may nevertheless be counted as a "strike." (*People v. Diaz* (1996) 41 Cal.App.4th 1424, 1428.)

We have examined the entire record and find no arguable issue exists. We are therefore satisfied that Voightman's attorney has complied with his responsibilities, and accordingly affirm the judgment. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

JOHNSON, J.